United States District Court
Southern District of Texas
**ENTERED**
December 23, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPSTONE ASSOCIATED | § | |
| SERVICES, LTD., *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3233 |
| | § | |
| ORGANIZATIONAL STRATEGIES, | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This trade secrets case is before the Court on the Motion to Dismiss [Doc. # 4]
filed by Defendants Organizational Strategies, Inc., Nicolette Hendricks, William
Hendricks, Integration Casualty Corp., System Casualty Corp., and Optimal Casualty
Corp., to which Plaintiffs Capstone Associated Services, Ltd. and Capstone
Associated Services (Wyoming), Limited Partnership (collectively, "Capstone") filed
a Response [Doc. # 10], and Defendants filed a Reply [Doc. # 13]. Having reviewed
the full record and applicable legal authorities, the Court **denies** the Motion to Dismiss
the breach of contract claim. The Court **grants** the Motion to Dismiss as to the trade
secret misappropriation and Texas Uniform Trade Secrets Act ("TUTSA") claims,
with leave for Plaintiffs to file an amended complaint.

## I.    BACKGROUND

Capstone alleges that it entered into a Services Agreement with Defendants. The Services Agreement included a limited license for Defendants to use Capstone's intellectual property.  The Services Agreement provided that the license would expire upon the termination of the agreement.

Capstone alleges that in March 2013, a dispute arose among the parties and the Services Agreement was eventually terminated.  Capstone claims that, after the Services Agreement was terminated, Defendants improperly continued to use the intellectual property that was the subject of the license.

Capstone filed this lawsuit in Texas state court, asserting causes of action for trade secret misappropriation, violation of TUTSA, and breach of contract. Defendants removed the case to federal court, then filed their Motion to Dismiss.  The Motion has been fully briefed and is now ripe for decision.

## II.    STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563

F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).

The lawsuit, however, was filed in Texas state court and the Court will apply Texas pleading standards to evaluate the claims asserted in the Original Petition.  *See Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946-47 (5th Cir. 2014).  In Texas state court, a plaintiff's petition must contain only "a short statement of the cause of action sufficient to give fair notice of the claim involved."  Tex. R. Civ. P. 47(a). This "fair notice" pleading standard is satisfied if the opposing party "can ascertain from the pleading the nature, basic issues, and the type of evidence that might be relevant to the controversy."  *Dallas Area Rapid Transit v. Morris*, 434 S.W.3d 752, 760 (Tex. App.

-- Dallas 2014, review denied) (citing *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007)).

## III.   ANALYSIS

### A.   Trade Secret Misappropriation and TUTSA Claims

"Trade secret misappropriation under Texas law is established by showing: (a) a trade secret existed; (b) the trade secret was acquired through a breach of a confidential relationship or discovered by improper means; and (c) use of the trade secret without authorization from the plaintiff."   *Spear Marketing, Inc. v. Bancorpsouth Bank*, 791 F.3d 586, 600 (5th Cir. 2015) (citations omitted).  A claim under TUTSA similarly "requires that a defendant 'acquire' knowledge of the trade secret at issue through 'improper means.'" *Educ. Mgmt. Servs., LLC v. Tracey*, 102 F. Supp. 2d 906, 914 (W.D. Tex. 2015) (referring to plain language of Tex. Civ. Prac. & Rem. Code § 134A.002(3)(B)(I)).

In this case, Capstone has failed to allege that Defendants *acquired* the trade secrets through breach of the Service Agreement or other improper means.  Instead, Capstone's allegations indicate that Defendants acquired the trade secrets in connection with a valid license, but later allegedly breached the Services Agreement and the license contained therein.  Absent an allegation that Defendants acquired the

trade secrets through improper means, Capstone fails to state a claim under TUTSA or for trade secret misappropriation.

Defendants argue also that the TUTSA and misappropriation of trade secrets claims are preempted by the Copyright Act, citing *Spears Marketing, Inc. v. Bancorpsouth Bank*, 791 F.3d 586 (5th Cir. 2015).   In *Spears*, however, the Fifth Circuit held only that the conversion and Texas Theft Liability Act claims were preempted.  *See id.* at 597-98.  The Fifth Circuit did not hold that the misappropriation of trade secrets claim was preempted and, instead, addressed that claim on its merits. *See id.* at 600-02.  Under the "extra element" test, if the state law claim has one or more qualitatively different elements, then there is no preemption by the Copyright act.  *See Alcatel USA, Inc. v. DGI Tech., Inc.*, 166 F.3d 772, 787 (5th Cir. 1999); *M-I LLC v. Stelly*, 733 F. Supp. 2d 759, 786 (S.D. Tex. 2010).  The misappropriation of trade secrets claim requires proof that the trade secret was acquired through a breach of a confidential relationship or improper methods, an element not required for a claim under the Copyright Act.  *See Beardmore v. Jacobson*, __ F. Supp. 3d __, 2015 WL 5530398, *11 (S.D. Tex. Sept. 18, 2015) (citations omitted).  Consequently, the misappropriation of trade secret claim contains an "extra element" and is not preempted.  *See Beardmore*, 2015 WL 5530398 at *11.

### B.    Breach of Contract Claim

Under Texas law, the elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).  Capstone alleges that Defendants entered into the Services Agreement, and that Defendants breached that contract by continuing to use the intellectual property after the termination of the agreement, causing Capstone to incur damages. *See* Original Petition, ¶¶ 29-30.  Additionally, in the Response, Capstone asserts that Defendants breached the Services Agreement by failing to comply with contract terms requiring the return of confidential documents and other intellectual property after the contract expired.  *See* Response, p. 6.

These allegations adequately state a breach of contract claim, particularly as supplemented by the Response and evaluated under the more lenient state court pleading standards.  Nonetheless, the Court encourages Capstone to include in its amended complaint more complete factual allegations to support the breach of contract claim to comply with federal pleading standards.

### C.     Leave to Replead

When a complaint fails to state a claim, the Court should generally give the plaintiff at least one opportunity to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  This is particularly true when the Original Petition was filed in state court under state court pleading standards.

In its Response, Capstone requests leave to amend should the Court determine that Defendants' Motion to Dismiss has merit.  The Court concludes that Capstone should be permitted to file an amended complaint under the federal pleading requirements.

## IV.     CONCLUSION AND ORDER

Capstone has failed adequately to allege its TUTSA and misappropriation of trade secrets claims in this case.  Because the case was originally filed in Texas state court, the Court finds that Capstone should be permitted to file an amended complaint that satisfies the federal court pleading standards.  Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss [Doc. # 4] is **GRANTED in part and DENIED in part**, with leave to replead by **January 19, 2016**.

SIGNED at Houston, Texas, this **23rd** day of **December, 2015**.


NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE