IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CAPSTONE ASSOCIATED SERVICES, LTD., *et al.*, Plaintiffs, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-15-3233 |
| ORGANIZATIONAL STRATEGIES, INC., *et al.*, Defendants. | § § § § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion to Abate Proceedings Pending Arbitration and to Compel Arbitration ("Motion") [Doc. # 32] and Supplement [Doc. # 34] filed by Plaintiffs Capstone Associated Services, Ltd. and Capstone Associated Services (Wyoming), Limited Partnership (collectively, "Capstone"). Defendants Organizational Strategies, Inc. ("OSI"), Nicolette Hendricks, William Hendricks, Integration Casualty Corp., System Casualty Corp., and Optimal Casualty Corp. (collectively, the "OSI Entities") filed a Response [Doc. # 36], and Plaintiffs filed a Reply [Doc. # 38].

Having reviewed the record and applicable legal authorities, the Court **denies** the Motion to the extent it seeks an order compelling arbitration pursuant to the

parties' Mediated Settlement Agreement ("MSA").  The Court **grants** the Motion to the extent it seeks an order compelling arbitration pursuant to the arbitration provision in the parties' Engagement Letter.  The Court **stays and administratively closes** this case pending arbitration, thereby **terminating without prejudice** Defendants' Motion to Dismiss or in the Alternative for Summary Judgment [Doc. # 27].

## I.        BACKGROUND

Defendant Organizational Strategies, Inc. is a defense contractor owned and operated by Defendants Nicolette and William Hendricks.  Integration Casualty Corp., System Casualty Corp. and Optimal Casualty Corp. are captive insurance companies, established to insure the risks of the business with which they are associated. Capstone offers alternative risk planning and administrative services for captive managers.  The Feldman Law Firm LLP and its principal attorney Stewart Feldman (collectively, "Feldman") are the attorneys for Capstone in connection with its business of providing planning services for captive insurance companies.

Capstone alleges that it and Feldman entered into a contract with Defendants. Plaintiffs allege that the contract is comprised of a June 20, 2011 Engagement Letter with "Guidelines on Firm Administration and Billing" attached ("Engagement Letter"), as amended by the "Capstone Services Agreement."  *See* Exhibit 1 to Amended Complaint [Doc. # 21-1].  The Capstone Services Agreement provides

specifically that it and the Engagement Letter collectively are the entire agreement, and that the agreement can be "amended, modified, or supplemented only by written agreement executed by the parties" thereto. *See* Capstone Services Agreement [Doc. # 21-1], p. 10. The contract granted a limited license for Defendants to use Capstone's intellectual property, and provided that the license would expire upon the termination of the contract. Additionally, the Engagement Letter contains a provision that requires arbitration of most disputes among the parties ("Arbitration Provision").

Capstone alleges that in 2012, Defendants questioned the price of the insurance premiums for the captives' insurance policies. A related dispute arose in 2012 when Defendants failed to pay for Plaintiffs' services. Defendants notified Plaintiffs in writing that they would be terminating the contract effective December 31, 2012. Capstone alleges that, after the Capstone Services Agreement was terminated, Defendants improperly continued to use the intellectual property that was the subject of the license and refused to return confidential documents.

On October 1, 2015, Plaintiffs filed this lawsuit against Defendants in Texas state court. On October 28, 2015, Plaintiffs and Defendants mediated all of their numerous disputes in a single mediation. The mediation resulted in the execution of the parties' Mediated Settlement Agreement ("MSA"), which covers all claims between the parties except the intellectual property claims pending in this lawsuit.

The MSA provides that any "dispute arising from this agreement will be referred to final, binding and non appealable arbitration before Robins Brice in Houston, Texas who shall conduct the proceedings according to the rules that he announces." *See* MSA, Exh. A to Motion, ¶ 6 ("Arbitration Agreement").

Plaintiffs have filed a Motion to Compel Arbitration. In the original Verified Motion, Plaintiffs seek arbitration pursuant to the Arbitration Agreement in the MSA. *See* Motion, ¶ 10. Specifically, Plaintiffs argue that Defendants' affirmative defenses, asserted in Defendants' Answer and in their Motions to Dismiss, are based on issues that were covered by and released under the MSA. Plaintiffs identify the relevant affirmative defenses as "Prior Material Breach, Conflict of Interest, Unclean Hands, Statute of Limitations, Fraud and Illegality, and Unconscionability." *See* Motion, p. 3.

In the Supplement, Plaintiffs state that Robins Brice has declined his appointment as arbitrator under the MSA. As a result, Plaintiffs instead seek arbitration pursuant to the Arbitration Provision in the Engagement Letter between Feldman and the Capstone entities on one side and the OSI Entities on the other. This Arbitration Provision specifically excludes disputes or claims for attorneys' fees and/or costs, and requires arbitration "with respect to any and all other disputes or claims whatsoever . . . related to or arising out of [Feldman's] services." *See* Arbitration Provision [Doc. # 21-1], pp. 14. The Arbitration Provision requires the

arbitration to "be conducted by a recognized, neutral, arbitral association or arbitrator" and pursuant to the "single arbitrator, expedited rules." *See id.* at 15. Plaintiffs argue that Defendants' affirmative defenses are arbitrable pursuant to this Arbitration Provision because they challenge the propriety of the services provided by Capstone and Feldman under the Engagement Letter. The Arbitration Provision in the Engagement Letter provides that it "shall be effective notwithstanding any actions that may later take place." *Id.* at 15. The Arbitration Provision states clearly and unequivocally that the parties agree that the issue of arbitrability shall be decided by the arbitrator and not by the court. *See id.*

Plaintiffs' Motion to Compel Arbitration has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR MOTION TO COMPEL ARBITRATION

The Federal Arbitration Act ("FAA") provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. When determining whether to compel parties to arbitrate their dispute, the Court engages in a two-step analysis: (1) whether the parties agreed to arbitrate; and (2) whether a

federal statute or policy causes the claim to be nonarbitrable.[1] *See Robinson v. J&K Admin. Mgmt. Servs., Inc.*, __ F.3d __, 2016 WL 1077102, *1 (5th Cir. Mar. 17, 2016). The first question includes two separate inquiries: (1) whether there exists a valid agreement to arbitrate; and (2) whether the dispute falls within the agreement. *See id.*

## III. ANALYSIS

### A. Arbitration Agreement in the MSA

"Arbitration is a matter of consent, not coercion, and parties are generally free to structure their arbitration agreements as they see fit." *PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, 783 F.3d 256, 262 (5th Cir. 2013) (internal quotations and citations omitted). "Parties are free to 'specify with whom they choose to arbitrate their disputes.'" *Id.* (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 683 (2010)). The FAA "confers only the right to obtain an order directing that 'arbitration proceed in the manner provided for in [the parties'] agreement.'" *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474-75 (1989) (citing 9 U.S.C. § 4).

---

[1] There is no assertion by either party in this case that there exists any statute or policy that renders any claims in this lawsuit nonarbitrable.

In the Arbitration Agreement in the MSA, the parties agreed specifically to arbitrate disputes arising under the MSA before Robins Brice. Mr. Brice, however, has declined to arbitrate the parties' dispute, and this Court cannot compel arbitration in an alternative manner that is inconsistent with the parties' own agreement. *See Volt*, 489 U.S. at 474-75. As a result, the Motion to Compel Arbitration pursuant to the Arbitration Agreement in the MSA is denied.

### B.  Arbitration Provision in the Engagement Letter

"The arbitrability of disputes – in other words, the determination of whether the agreement applies to the parties' claims – is generally a gateway issue to be determined by the courts." *Robinson*, __ F.3d __, 2016 WL 1077102 at *2. The arbitrability issue, however, is deferred to the arbitrator where the agreement establishes the parties' intent for the arbitrator to make the decision. *See id.* (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002); *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995); *Gen. Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 247 (5th Cir. 1998)).

In this case, the parties agreed in the Engagement Letter between Capstone, Feldman, and the OSI Entities to arbitrate any and all disputes or claims whatsoever between them "related to or arising out of [Feldman's] services" (except disputes relating to attorneys' fees and/or costs). The arbitration is to be conducted by a

recognized, neutral, arbitral association or arbitrator" and pursuant to the "single arbitrator, expedited rules." *See* Arbitration Provision [Doc. # 21-1], p. 15.

Defendants argue that the Arbitration Provision in the Engagement Letter was superseded by the MSA and, therefore, no longer applies. The Arbitration Provision in the Engagement Letter states explicitly that the "arbitration provision shall be effective notwithstanding any actions that may later take place." *See id.* There is nothing in the MSA that expressly vacates or otherwise supersedes the Arbitration Provision in the Engagement Letter. As a result, the current record does not demonstrate that the MSA's Arbitration Agreement superseded the Arbitration Provision in the Engagement Letter such that the Arbitration Provision is no longer a valid and effective agreement to arbitrate.

The parties dispute which claims and affirmative defenses, if any, are subject to the Arbitration Provision in the Engagement Letter. The Arbitration Provision provides specifically that arbitrability issues are to be decided by the arbitrator and not by the Court. *See id.* As a result, the Court defers the arbitrability issue to the arbitrator.

The Court grants the Motion to Compel Arbitration pursuant to the Arbitration Provision in the Engagement Letter. The arbitrator selected in accordance with the

Arbitration Provision will determine which claims and defenses, if any, are arbitrable. The case is stayed and administratively closed pending the arbitrator's final decision.

## IV. <u>CONCLUSION AND ORDER</u>

The sole arbitrator agreed to by the parties in the MSA has refused to serve as arbitrator. As a result, this Court cannot compel arbitration pursuant to the Arbitration Agreement in the MSA.

The parties agreed in the Engagement Letter that any and all disputes or claims whatsoever between them "related to or arising out of [Feldman's] services" (except disputes relating to attorneys' fees and/or costs) "shall be submitted to a recognized, neutral, arbitral association or arbitrator for resolution pursuant to its single arbitrator, expedited rules." *See id.* In this Arbitration Provision, the parties specifically agreed that arbitrability issues were to be decided only by the arbitrator and not by a court. As a result, it is hereby

**ORDERED** that Plaintiffs' Motion to Compel Arbitration [Doc. # 32], as supplemented [Doc. # 34], is **DENIED** as to the request for arbitration pursuant to the Arbitration Agreement in the MSA and **GRANTED** as to the request for arbitration pursuant to the Arbitration Provision in the Engagement Letter. The selected arbitrator, chosen pursuant to the terms of the Arbitration Provision, will decide which claims, if any, are subject to arbitration. It is further

**ORDERED** that this case is **STAYED AND ADMINISTRATIVELY CLOSED** pending the arbitrator's decision. It is further

**ORDERED** that Defendants' Motion to Dismiss or for Summary Judgment [Doc. # 27] is **TERMINATED** without prejudice.

SIGNED at Houston, Texas, this 8th day of **April, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE